# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| RICHARD L. AUSTIN, JR., <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON COUNTY, MARK D. BENSON, KIM A. LECHNER, KATHERINE ROMANOVICH, BRENDA GONZALEZ, BRAEDY P. HELMBRECHT, SHERIFF SCHULTIES, SGT. HANSON, DEPUTY FLETCHER, WASHINGTON COUNTY JAIL, KRAIG SADOWNIKOW, and SUZANNE GRADY, <br><br> Defendants. | Case No. 19-CV-1529-JPS <br><br> **ORDER** |

On October 17, 2019, Plaintiff filed this action while incarcerated at the Washington County Jail. (Docket #1). He simultaneously sought leave to proceed *in forma pauperis* as an indigent prisoner. (Docket #2). The Court ordered him to file a certified copy of his prisoner trust account statement so that it could assess an initial partial filing fee in accordance with 28 U.S.C. § 1915. (Docket #6).

On November 15, 2019, Plaintiff filed a notice that he had been released to his home in West Bend. (Docket #8). This development means that there is no further need for an initial partial filing fee. However, Plaintiff must now re-apply for *in forma pauperis* status. *See Robbins v. Switzer*, 104 F.3d 895 (7th Cir. 1997). The Court will supply Plaintiff with a copy of this District's form motion for non-prisoners seeking *in forma*

*pauperis* treatment. He must return the completed form by **December 10, 2019**, or this action will be dismissed for want of prosecution. Of course, he can also simply pay the full $400 filing fee by that date.

The Court will also address another filing from Plaintiff that came with his notice of change of address. He submitted what he has titled a "notice to court to take judicial notice," which appears to argue that he should not be required to pay a filing fee at all. (Docket #9). This position is incorrect. All litigants are required to pay filing fees. If Plaintiff files a new motion to proceed *in forma pauperis*, and that motion is granted, he will be excused from *pre-paying* the filing fee before his case will be allowed to move forward. He will still owe the fee to the Court and must pay it eventually.

At the end of that document, Plaintiff included an "amended defendants list," which identifies a great many more defendants than those already present in the case. (Docket #9 at 5). This is not a permissible method for including new claims or defendants in an action. The only way to do so is to file an amended complaint. Plaintiff should note that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Court of Appeals emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). The Court will order Plaintiff to file an amended complaint, should he wish to submit one, along with his renewed motion for leave to proceed *in forma pauperis*.

Accordingly,

**IT IS ORDERED** that Plaintiff shall either pay the full filing fee owed in this matter or submit a completed motion for leave to proceed *in forma pauperis*, and an amended complaint if he desires to submit one, on or before **December 10, 2019**.

Dated at Milwaukee, Wisconsin, this 19th day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge